UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 3:25mj120-HTC

ROSELIE A. DONADIO,

    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Roselie A. Donadio's motion to sever Counts 1 and 2 of the Information for trial and for the Court to conduct a bifurcated proceeding as to the existence of a prior DUI conviction on Count 1. Doc. 17. The Government opposes the motion to sever and consents to the motion to conduct bifurcated proceedings. Doc. 20. Upon consideration, the motion to sever is DENIED and the motion for bifurcated proceedings is GRANTED.

Donadio has been charged in a 2-count Information with (Count 1) driving while under the influence, as a second or subsequent offense, and (Count 2) driving with a license suspended, canceled, or revoked (with knowledge) ("DWLS"). To prove the knowledge element of Count 2, the Government intends to introduce a judgment for a prior DUI conviction, which imposed a sentence that included a "six-month driver's license suspension." Donadio contends that evidence of the prior DUI conviction is prejudicial.

## I.     MOTION TO SEVER

Under Rule 14(a) of the Federal Rules of Criminal Procedure, a court may require separate trials of counts if joinder of the counts in one trial is prejudicial. *See* Fed. R. Crim. P. 14(a). Even when joinder of multiple counts in one Information is proper,[1] the Court has discretion under Rule 14(a) to sever the counts and order separate trials if it appears a single trial would prejudice the Defendant. *See United States v. Kopituk*, 690 F.2d 1289, 1314-15 (11th Cir. 1982). "In deciding a motion for severance, the Court must balance the right of a defendant to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Denmark*, 2005 WL 2755987, at *2 (M.D. Fla. Oct. 25, 2005) (citation and internal marks omitted). A defendant seeking severance must "demonstrate specific and compelling prejudice arising from a joint trial." *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989).

The test for assessing compelling prejudice is "whether under all the circumstances of a particular case it is within the capacity of the jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on the defendant's own acts, statements, and conduct in relation to

---

[1] Defendant does not dispute joinder of Counts 1 and 2 in a single Information was proper under Federal Rule of Criminal Procedure 8(a), which provides that joinder is proper in criminal cases when the counts are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."

the allegations contained in the indictment and render a fair and impartial verdict." *United States v. Walser*, 3 F.3d 380, 386-87 (11th Cir. 1993) (citing *United States v. Silien*, 825 F.2d 320, 323 (11th Cir. 1987)). Proving compelling prejudice is a heavy burden, "and one which mere conclusory allegations cannot carry." *United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993).

Here, Donadio contends evidence regarding her prior DUI conviction is prejudicial and relies on the rule in Florida requiring a court to conduct bifurcated proceedings when a defendant is charged with a subsequent DUI. The Court finds Donadio has not met her heavy burden of showing a compelling prejudice by the admission of the prior DUI. *See id.* (finding potential jury confusion on separating evidence to be speculative); *see also, United States v. Adigun*, 2011 WL 2194253, at *11 (N.D. Ga. May 4, 2011) (finding concern that allowing immigration, passport and social security fraud charges to be tried alongside other offenses would prevent defendant from receiving a fair trial because of current climate trending toward xenophobia to be speculative).

Regardless, even assuming Donadio has shown compelling prejudice, for severance to be warranted the Court also must find there is no other adequate cure. *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011). While not conceding Donadio has demonstrated "specific and compelling prejudice," the Government

suggests any prejudice can be cured through a curative jury instruction[2] or by redacting references to the prior DUI in the Certified Conviction and Certified Driving Record.

The Court agrees. Any prejudice arising from the submission of evidence of Donadio's prior DUI conviction can be cured by redacting references to the charge in the Certified Conviction and Certified Driving Record.[3] *See United States v. Macko*, 994 F.2d 1526, 1536 (11th Cir. 1993) (finding no abuse of discretion in district court's denial of motion to sever trial of codefendants where post-arrest statements of codefendants were redacted to substitute indefinite pronouns or nouns for defendant's names and the court instructed the jury not to consider the statements with regard to the case against defendant); *Pitts v. State*, 227 So. 3d 674, 677 (Fla. 1st DCA 2017) (holding the defendant failed to show that severance was necessary because the jury heard evidence regarding the accident and that his license was suspended, but heard no evidence as to the reason for the suspension). Thus, the motion to sever is DENIED.

---

[2] The Government suggests an instruction to the jury that they are not to consider the prior DUI as evidence of Donadio's propensity to commit the DUI at issue but only for purposes of determining whether the Government has established knowledge on the DWLS charge.
[3] Because redaction provides greater protection than the Government's suggested jury instruction, the Court will pick this alternative.

Case No. 3:25mj120-HTC

## II. MOTION TO BIFURCATE

Donadio also asks the Court to bifurcate the proceedings to allow the jury to determine whether Donadio has previously been convicted of a DUI prior to the instant DUI *after and only if* the jury returns a guilty verdict on the instant DUI charge. The Government does not oppose this bifurcation. Indeed, such bifurcated proceedings have been required by the Florida Supreme Court. *See State v. Harbaugh*, 754 So. 2d 691 (2000) (requiring a jury, rather than a judge, to determine whether a prior conviction occurred in the bifurcated proceeding).[4] Thus, the motion to bifurcate is GRANTED.

DONE AND ORDERED this 6th day of June 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Supreme Court initially held in *State v. Rodriguez,* 575 So. 2d 1262 (1991) that the court shall conduct a jury trial on the elements of the single incident of DUI without allowing the jury to learn of the alleged prior DUI offenses and if the jury returned a guilty verdict then the court would conduct a separate proceeding without a jury to determine whether the defendant had been convicted of a DUI on other occasions. The *Harbaugh* court clarified that the second proceeding should be decided by the same jury as the first, rather than the judge. *See Harbaugh*, 754 So. 2d at 694 ("we hold that the jury, not the judge, must determine the verdict from the evidence presented in the second phase").