UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.   Case No. 3:25-mj-120-HTC

ROSELIE A. DONADIO.
_____/

ORDER

Before the Court is Defendant Roselie A. Donadio's Renewed Motion for Judgment of Acquittal (Doc. 34) and the Government's response (Doc. 35). Upon consideration, the Court finds the motion should be DENIED.

Donadio was charged in a 2-count information with (Count One) driving while under the influence (second or subsequent offense) and (Count Two) driving with knowledge that her driver's license and driving privileges had been canceled, suspended, and revoked, in violation of Fla. Stat. § 322.34(2)(a) and (10)(b)(1). Doc. 1. A jury trial was held on June 9, 2025, and at the close of the Government's case Donadio unsuccessfully moved for judgment of acquittal on Count Two. The trial proceeded with the presentation of Defendant's case and after deliberations, the jury found Defendant guilty of both charges.

Donadio has now renewed her motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, making the same argument she made at trial – that she should be acquitted on Count Two because she had a Temporary Driving Permit

which allowed her to drive to and from work.[1]  Thus, she contends there is insufficient evidence to support a determination that she was driving with knowledge that her driving privileges had been suspended, revoked, or canceled.  For the reasons set forth below, the Court disagrees.

Under Federal Rule of Criminal Procedure 29, the court shall "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  The court is required to view the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor," *see United States v. Barsoum*, 763 F.3d 1321, 1329–30 (11th Cir. 2014) (internal marks omitted), and determine whether "*any* rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt," *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The elements of driving with knowledge that the defendant's driver's license or driving privilege had been suspended, revoked, or canceled under Florida Stat. § 322.34(2)(a) are: (1) the defendant drove a motor vehicle upon a highway in this

---

[1] Defendant also argued at trial that she was charged with the wrong offense.  Rather than being charged with driving "with knowledge that her driver's license and driving privileges had been canceled, suspended, and revoked in violation of Sections 322.34(2)(a) and (10)(b)(1), Florida Statutes," she argued she should have been charged with violating a license restriction under Fla. Stat. § 322.16(5).  Although Defendant does not appear to be renewing that argument here, the Court notes that a temporary driver's license for business purposes is not the type of restriction envisioned by § 322.16.  Indeed, the pattern jury instruction for a violation of § 322.16 (operating a motor vehicle in violation of the restrictions imposed in a restricted license) includes "the restriction was noted upon the license."  Here, the limitation on Defendant's driving privileges to business purposes only was not a restriction noted on her license.

state; (2) at that time, her license or driving privilege was suspended, revoked or canceled; and (3) at that time, the defendant knew her license or driving privilege was suspended, revoked or canceled.[2] *See* Fla. Std. Jury Instr. (Crim.) 28.11.

Defendant does not contend there was insufficient evidence to support the first element, and she does not dispute that her driver's license was suspended or that she knew her license had been suspended. Instead, as stated above, she argues that, while her driver's license may have been suspended, her driving privileges had not been because she had a temporary permit to drive for business purposes.

The Government counters that the term driving privileges refers to a privilege a person may have to drive a vehicle despite not having a license, such as where a person is exempt from obtaining a license. It does not refer to someone like Defendant, who had a license or was required to have a license.

The Court agrees with the Government that the term "driving privileges" *includes* individuals who may drive and are exempt from having a driver's license. As the Florida Supreme Court explained in *State v. Miller*, 227 So. 3d 562, 564 (Fla. 2017), a "person operating a motor vehicle on the roads of this State must possess a valid license issued by the State of Florida or fall under an exception to licensure." Thus, "the Legislature's use of 'driving privilege' refers to all individuals who may

---

[2] The Government also had to present competent and substantial evidence to show that the offense occurred within the special maritime and territorial jurisdiction of the United States. This element, however, is not disputed.

Case No. 3:25-mj-120-HTC

lawfully operate vehicles on Florida's roads, even if they do not possess a Florida driver's license." *Id.* But those are not the only individuals who may have driving privileges. A person with a driver's license also necessarily has driving privileges attendant to that license. *See id.* ("Individuals like Miller, who drive in Florida without ever having obtained a license or having an exemption to licensure, do not have any 'driving privilege.'"). In other words, Defendant had both a driver's license and driving privileges. And, when her license was suspended because of a prior DUI, that suspension also resulted in a suspension of her driving privileges.

Pursuant to Fla. Stat. § 322.271, a person whose license has been suspended, canceled or revoked may "show that such suspension, cancellation, or revocation causes a serious hardship and precludes the person from carrying out his or her normal business occupation, trade or employment, and that the use of the person's license in the normal course of his or her business is necessary to the proper support of the person or his or her family." Fla. Stat. § 322.271(2); *see also, id.* at § 322.271(7). If the requisite showing is made, the Florida Department of Motor Vehicles "may restore to the licensee the privilege of driving on a limited or restricted basis for business or employment use only." *Id.* at § 322.271(3).

Here, the suspension of Defendant's driver's license was modified under § 322.271(3) to allow Defendant the privilege of driving for business purposes only. *See* Def. Exh. 1 (Doc. 28-1). The fact that a part of Defendant's driving privileges

was reinstated, however, does not alter the fact that Defendant's license and the driving privileges attendant to that license were suspended and remained suspended at the time of the offense. *See* Fla. Stat. § 322.271(7)(b) (stating that the "reinstatement shall be restricted to business purposes only" and shall last "***for the duration of the suspension***") (emphasis added).

Moreover, as the Government points out, it is undisputed that Defendant was not driving the vehicle for business purposes at the time of the offense. Instead, the evidence established that Defendant was driving after a night of bar hopping with her boyfriend on New Year's Eve. That driving privilege – driving for a non-business purpose – had been suspended and was suspended at the time of the offense. Thus, the Court finds there was substantial competent evidence to support the jury's verdict as to Count Two.

Accordingly, it is ORDERED:

The Defendant's Renewed Motion for Judgment of Acquittal (Doc. 34) is DENIED.

DONE AND ORDERED this 11th day of July, 2025.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**